■ JOHN PAGLIARONI et al., Appellants, v. CHARLES DENKENSOHN, Respondent.— Appeal from a judgment in favor of the defendant in an automobile accident case. The plaintiff, operating an automobile owned by his wife, was proceeding on March 4, 1955 at about 6:30 P.M. in an easterly direction on Route 213 and was approaching the intersection of Lucas Avenue extension, Town of Marbletown, Ulster County. The defendant traveling on that road in a southerly direction approached the intersection and the collision occurred. There was a stop sign for defendant as he approached the intersection and he testified that he stopped and, seeing no traffic on Route 213, started across the road. The plaintiff stated that when he was 30-35 feet west of the intersection, the defendant's automobile came from Lucas Avenue and the collision took place. That part of the intersection which governed the approach of both cars was obstructed by a high bank. The only witnesses as to the happening of the accident were the parties involved and their conflicting stories were the factual basis for submitting the case to the jury and we discern nothing about the verdict which would require any action by this court. The plaintiff contends that the reading of only part of section 95-d of the Vehicle and Traffic Law was reversible error. At the conclusion of the testimony of the defendant and before resting his case, his attorney requested the court to take judicial notice of that part of the section pertaining to the duty to stop when approaching an intersection governed by a stop sign. When charging the jury, the court repeated that part of the section and it is here contended that the court should have read to the jury the further part of the section which provides that having stopped for a sign, the person shall thereafter proceed with caution. No exception was taken nor was any request to charge made by the plaintiff and if the plaintiff felt the remainder of the section was imperative or important to his case, it was incumbent upon him to make such request at the conclusion of the charge. Under the circumstances, the court had a right to assume plaintiff was satisfied in all respects. We would further observe that in the charge, following reference to certain sections of the Vehicle and Traffic Law, the court remarked: "Such vehicle shall be driven with extreme caution and under control". We are satisfied that the plaintiff had a fair and impartial trial and there was evidence to justify the finding of the verdict by the jury. Judgment unanimously affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE J. ODY, SR., Appellant.— Appeal from an order of the County Court of Saratoga County which denied defendant's motion to correct the sentence imposed upon him of consecutive terms of imprisonment for burglary, third degree, and grand larceny, first degree, as constituting double punishment. (Cf. Penal Law, § 1938.) The sentence was proper. (Penal Law, §§ 406, 2190, subd. 4; *People ex rel. Cannata* v. *Jackson,* 6 A D 2d 919.) Order unanimously affirmed.